AUBREY D. KERR, as Administrator of the Estate of VANE A. KERR, Deceased, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 31662.) CLAYTON M. KERR, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 31663.) VERNON C. KERR, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 31664.) — Appeals from judgments entered on a decision rendered after trial in the Court of Claims. On November 16, 1952 at 9:00 P.M. a truck driven by claimant Vernon C. Kerr in an easterly direction on State highway Route 3 near the hamlet of Fine in St. Lawrence County went off the road and ran into a concrete culvert abutment six feet from the edge of the pavement. Vane A. Kerr, a passenger was killed; the driver was injured, and the truck owned by claimant Clayton M. Kerr, was wrecked. Claims have been asserted against the State which, after a trial, have been dismissed by the Court of Claims. The claims are based on the theory that there was a defect in the highway. The driver testified that lights of an approaching vehicle caused him to pull somewhat to the right, that as he did so he felt his truck "bumping"; that he tried to pull back on the pavement; that the truck "came up onto the pavement" and went "just across the left-hand side of the road a little" when he "felt my left wheel a little bump;" that the truck swerved "back and forth" and ran into the concrete abutment. On appeal claimants argue in support of a defective condition of the road that: "At a point beginning about 150–200 feet west of said concrete abutments the south shoulder of said highway had broken or washed away along the edge of the concrete pavement to a point about 50–75 feet from the concrete abutment on said south shoulder, leaving the vertical edge of said pavement exposed to depths ranging 3–5 inches." It is the theory of the claimants that the right wheel of the truck went off this exposed edge causing the beginning of the process by which it went out of control. But the actual physical condition of the road at this point presented to the Court of Claims a clear issue of fact. Photographs offered by claimants show such a condition of the road at such a location; and some witnesses adopted the photographs as fairly representing the condition existing there at the time of accident. But the State's witnesses produced photographs showing exactly the same edge of the same road which portray black-top filling from the edge of the concrete extending out on the shoulder, showing no unusual drop, and showing a pavement edge in a good state of repair. Moreover there is exact proof of

the date and of the time in which the State's photographs were taken on the morning immediately after the accident by the testimony of the man who actually took them. The photographer who took claimants' photographs was not produced, nor is the date or time at which the photographs were taken shown. There is proof that the road was repaired at this point a month before this accident. The issue here is one of credibility; and we see no reason suggested by this record to justify holding that the State's photographs were fabrications. We agree with the court that they accurately represented the true condition of the highway at the time of accident; indeed, one of the claimants' witnesses accepted the State's photographs as an accurate portrayal. Claimants also claim that one of the concrete lanes was unduly raised above the other, and that when the shoulder edge caused the truck to get out of hand, the raised area in the center further contributed to the loss of control. The actual condition of the center was also a fair issue of fact and the court could find that the actual difference in height was half an inch rather than one to one and one-half inches contended for by claimants. We see no ground in this record to interfere with the view of the facts taken at the Court of Claims. Judgments unanimously affirmed, without costs. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.